Arthur C. Aulisi, J.
On May 18,1970, Gloversville Shopping Center, Inc. filed a petition requesting that certain lands owned by it, commonly known as ‘ ‘ Glovers Park ’ ’ and situate in the Town of Johnstown, Fulton County, New York, be annexed to the City of Gloversville, pursuant to article 17 of the General Municipal Law. For brevity, the Gloversville Shopping Center, Inc. is hereafter referred to as “ Shopping Center ”, the City of Gloversville as “City”, and the Town of Johnstown as “ Town.”
In accordance with statutory procedure set forth by article 17 of the General Municipal Law, a joint public hearing was held by the City and the Town on August 13, 1970, following which each municipality held separate meetings. The City on September 8, 1970, approved annexation, and the Town on September 21, 1970, disapproved annexation on the ground that it was not in the over-all public interest, and also because the lands sought to be annexed could not be legally annexed for the reason that said lands do not adjoin the boundaries of the City, being in fact separated by New York State Highway Route 30 A.
Section 711 of the General Municipal Law provides that if there are objections to annexation by one of the affected governing boards, its written objections, testimony, and minutes of proceedings of its meeting shall be filed in the offices of the Clerks of the City and the Town, as well as in the office of the County *952 Clerk within 90 days after the joint hearing. In the instant case, the time to file the Town’s objections to the annexation expired on November 12, 1970, and there is no question that the Town failed to file within the prescribed time. Five days later, on November 17, 1970 pursuant to a message of necessity from the Mayor, the Common Council of the City passed a local law annexing the subject property, and scheduled a public hearing to be held thereon on November 23, 1970, presumably on the theory that there was no objection to annexation by the Town.
On November 20, 1970, the Town applied to this court for an order to show cause, requesting that an order be made declaring that all proceedings heretofore had were illegal and that the petition for annexation be dismissed. The affidavit on which the order to show cause was granted and the supplemental affidavit thereafter filed on behalf of the Town are treated herein as a petition. The Town contends that the action taken by the City in passing the local law annexing the property was illegal, improper and not within the spirit of the General Municipal Law or section 1 of article IX of the Constitution of the State of New York. The Town claims that the City knew that it was opposed to the annexation, because, following adoption of a resolution opposing annexation, the attorney for the Town informed both the City Attorney and the Assistant City Attorney for the City of Gloversville of such action and that they were shown a copy of said resolution. As further proof of the fact that the City and the Shopping Center had knowledge of the Town’s objection, the Town refers to its two applications, to which both the City and the Shopping Center were made parties, whereby the Town sought to restrain the City from annexing the property. The first such application was made to the County Court of Fulton County, which decided that the County Court did not have jurisdiction over the matter, and the other was made to the Supreme Court of Fulton County and was later withdrawn by the Town as having been prematurely made, subject to being renewed when the procedure provided by article 17 of the General Municipal Law had been complied with.
The Town further asserts that the action taken by the Common Council in passing the local law annexing the property was illegal in that there was no emergency, and that the lands sought to be annexed are not annexable as a matter of law because they are separated from boundaries of the City by New York State Highway Route 30 A, and, therefore, do not “ adjoin ” the City as required by section 703 of the General Municipal Law. Finally, the Town requests that it be permitted to file the *953 resolution and papers objecting to annexation as provided by law.
The City and Shopping Center both contend that the failure of the Town to file its written objections is deemed as approval of the proposed annexation by the Town, and therefore, the Town is now barred from objecting to the action taken by the Common Council in annexing the property on November 17,1970. In support of their contention, the City and the Shopping Center rely on section 711 (subd. 2, par. b) which provides “In the event that the governing board of an affected local government does not make, sign and file a written order as required by this section, such governing board shall be deemed to have approved the proposed annexation as of the expiration of the ninety-day period ’’from the date of the joint public hearing.
The language of the statute, indicating that failure to file is “ deemed ” approval of the proposed annexation, merely creates a presumption, which is rebutted by the undisputed facts in the case, namely, the two previous court proceedings instituted by the Town to prevent the annexation, the passing of the resolution by the Town Board opposing the annexation, information given the City Attorney and the Assistant City Attorney about said Town resolution, and the newspapers’ publicity regarding various facets of the annexation proceedings. Clearly, all of the foregoing acts and proceedings on the part of the Town and its representatives showed anything except approval of the proposed annexation by the Town.
It would seem that the purpose of the 90-day period for filing papers was intended to prevent any governing board opposing annexation from delaying indefinitely the ultimate judicial determination of the primary issue involved, namely, whether the proposed annexation is in the over-all public interest. The right of a local government to have its day in court on the main issue is a substantial one as it affects its very territorial integrity, and such opposing government should not be deprived, because of an omission, of the opportunity to have a judicial determination of the question of whether annexation is in the over-all public interest. Neither should it be deprived of its property by a forfeiture based on a mere technicality. The importance of such right in the objecting government is recognized by subdivision (d) of .section 1 of article IX of the New York State Constitution entitled “Bill of rights for local governments ”, which provides: “ No local government or any part of the territory thereof shall be annexed to another * * * until the governing board of each local government, the area of which is affected, shall have consented thereto upon the basis of *954 a determination that the annexation is in the over-all public interest.”
In the circumstances of this case, it appears that the failure of the Town to file the papers opposing the annexation constituted nothing more than a mere clerical error and should not be construed as a consent by the Town to such annexation.
For the foregoing reasons, the failure of the Town to file the papers with the City Clerk of the City of Grloversville and the County Clerk of Fulton County by November 12, 1970 should be excused and the Town should be permitted to file its report as required by law within five days of the date of the order herein. The City of Gloversville is hereby enjoined and restrained from taking any further proceedings in connection with the public hearing on its local law originally scheduled for November 23, 1970, until a judicial determination is made of whether the proposed annexation is in the over-all public interest pursuant to section 712 of the General Municipal Law.
I pass upon no other question at this time.