In the Matter of TOWN OF JOHNSTOWN, Respondent, *v.* CITY OF GLOVERSVILLE, Appellant, and GLOVERSVILLE SHOPPING CENTER, INC., Respondent.

Third Department, March 16, 1971.

144

*Michael A. Mazzone* for appellant.

*Haviland & Ferguson* for Gloversville Shopping Center, Inc., respondent.

*Harry F. Dunkel* for Town of Johnstown, respondent.

REYNOLDS, J.   This is an appeal from an order of the Supreme Court, Fulton County, granting respondent, Town of Johnstown, permission to file a resolution opposing a proposed annexation beyond the time provided by section 711 (subd. 2, par. b) of the General Municipal Law.

Special Term had no jurisdiction to grant the order here involved and this is so whether we consider the proceeding in the court below a special proceeding or a motion.   CPLR 103 (subd. [b]) provides that:   '' All civil judicial proceedings shall be prosecuted in the form of an action, *except where prosecution in the form of a special proceeding is authorized.*   Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.''   (Emphasis supplied.)   Under article 17 of the General Municipal Law, the only proceeding which is authorized to be prosecuted as a special proceeding is an adjudication as to whether the annexation is in the over-all public interest (General Municipal Law, § 712).   Since such a proceeding was not brought in the instant case, and there is no authorization for a special proceeding to permit late filing, Special Term did not have authority to treat this matter as a special proceeding.   A special proceeding is a form of a civil judicial proceeding which must be based on specific statutory authoriza-

tion (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 401.03) and in the instant case, a special proceeding for late filing is not authorized. Similarly, if the proceeding in the court below is treated as a motion for an extension of the time to file under CPLR 2004, the motion could not be granted because a motion is dependent for its existence on an ongoing action or special proceeding (1 Weinstein-Korn-Miller, *supra,* par. 103.06). Absent a specific statute permitting a motion to be made in the absence of an action or special proceeding (e.g., CPLR 3102, subd. [c]) there is no authority for a motion in the absence of a civil judicial proceeding which has not already been commenced *(Matter of Callahan [Kathan],* 262 App. Div. 398, 399, mot. for rearg. den. 262 App. Div. 978, mot. for lv. to app. dsmd. 287 N. Y. 743, mot. for lv. to app. and rearg. den. 264 App. Div. 812). Here, the special proceeding authorized by section 712 of the General Municipal Law had not been commenced. Since a motion is dependent upon and connected with the principal remedy provided by the special proceeding and such proceeding had not been brought, the granting of the motion was improper. The correct procedure would have been for the respondent to apply to this court for an adjudication and determination of the controversy as provided in subdivision 1 of section 712 of the General Municipal Law and then since such a proceeding is specifically denominated as a special proceeding (General Municipal Law, § 712, subd. 2), to have at the same time submitted papers requesting an extension of the time to file its order concerning the annexation (CPLR 406).

Accordingly, the order appealed from must be reversed without prejudice to the town to follow the procedure indicated above.

The order should be reversed, on the law, without costs.

Herlihy, P. J., Staley, Jr., Sweeney and Simons, JJ., concur.

Order reversed, on the law, without costs.