■ JOSEPH LETIZIA, Appellant, v EXECUTIVE COACH AUTO REPAIR, LTD., et al., Respondents. [623 NYS2d 327] —In a proceeding pursuant to CPLR article 52 to enforce a money judgment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered September 27, 1993, which denied his motion to enforce the judgment against the assets of the defendant Executive Coach Auto Repair, Ltd.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly refused to pierce the corporate veil of Executive Coach Auto Repair, Ltd. As a general rule, a court will not pierce the corporate veil or disregard corporate form in the absence of a showing that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" *(Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141; *see also, Hyland Meat Co. v Tsagarakis,* 202 AD2d 552). Here, the plaintiff's evidentiary submissions were insufficient to demonstrate that the judgment debtor, who is not a shareholder of the corporation, exercised such a degree of control over the corporation that he dominated it with respect to the transaction at issue. Moreover, the record is devoid of any evidence that the judgment debtor, through his domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff *(see, Matter of Morris v New York State Dept. of Taxation & Fin., supra; Hyland Meat Co. v Tsagarakis, supra).* Indeed, we note that there is no indication that the transaction at issue was in any way related to the corporation, or the judgment debtor's position as president of the corporation. Accordingly, no basis for piercing the corporate veil has been established, and the plaintiff's motion was properly dismissed *(see, New York Assn. for Retarded Children v Keator* 199 AD2d 921; *Sovereign Metal Corp. v Ciraco,* 210 AD2d 75). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.