■ O'BRIEN-KREITZBERG & ASSOCIATES, Appellant, v K.P., INC., et al., Respondents. [630 NYS2d 76] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about November 18, 1994, which granted defendants' motion to dismiss the complaint, and which denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs, and the complaint dismissed, without prejudice to commencement of an appropriate proceeding pursuant to CPLR 5225.

Plaintiff recovered a judgment for rent due under a lease for office space in a prior action captioned *O'Brien-Kreitzberg v Kanon Personnel*. Kanon Personnel is now alleged to be out of business, and plaintiff has commenced this action seeking to enforce its judgment against defendant K.P., Inc. and its principal, David Wortman who, the complaint alleges, contin-

ues to operate the same business and to use the name "Kanon Personnel".

The relief sought by plaintiff is more appropriately obtained in a supplementary special proceeding pursuant to CPLR article 52 (CPLR 5225; *e.g.*, *Letizia v Executive Coach Auto Repair*, 213 AD2d 382) rather than a plenary action. In either event, adequate proof is required to justify piercing the corporate veil of Kanon Personnel or setting aside any allegedly fraudulent conveyance to reach funds in the possession of K.P., Inc. or the individual defendant (*Matter of PPX Enters. v Chalpin*, 209 AD2d 353). Plaintiff has thus far failed in its efforts to obtain such proof in proceedings to enforce the judgment.

Whether plaintiff pursues the remedy of piercing the corporate veil or setting aside a fraudulent conveyance, it has not demonstrated that this action has merit. Plaintiff fails to set forth evidence "that the corporation is a 'dummy' for its individual stockholder[ ] who [is] in reality carrying on the business in [his] personal capacit[y] for purely personal rather than corporate ends" (*Walkovszky v Carlton*, 18 NY2d 414, 418). Nor has plaintiff established that the judgment debtor's assets were actually transferred to another party without fair consideration (*see, e.g.*, *Matter of BSL Dev. Corp. v Aquabogue Cove Partners*, 212 AD2d 694); that a transfer was made while its action against the judgment debtor was still pending (*see, e.g.*, *Taubes v Stuart*, 210 AD2d 394); that the transfer rendered the judgment debtor insolvent (*see*, *Schmitt v Morgan*, 98 AD2d 934, 935, *appeal dismissed* 62 NY2d 914); or that circumstances suggest the judgment debtor acted with actual intent to defraud (*see, e.g.*, *Apple Bank for Sav. v Contaratos*, 204 AD2d 375).

Plaintiff would be prudent to avail itself of the various devices available for enforcement of the judgment in the prior action, particularly contempt (CPLR 5251). At such time as it is successful in obtaining proof to establish a basis for such extraordinary relief, it may commence an appropriate proceeding pursuant to CPLR 5225.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Rubin and Tom, JJ.