107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
REN-CRIS LITHO, INC., d/b/a Printing Products, Plaintiff-Appellant,
v.
VANTAGE GRAPHICS, INC.; Elliot Passo; Samuel Hunter,
Defendants-Appellees.
 No. 96-7802.
 United States Court of Appeals, Second Circuit.
 Feb. 24, 1997.
 
 HAROLD WM. SUCKENIK, New York, NY.
 ELI UNCYK, Uncyk, Borenkind & Nadler, L.L.P., New York, NY.
 Present JACOBS, CALABRESI, LAY,* Circuit Judges.
 Plaintiff Ren-Cris Litho, Inc. ("Ren-Cris") appeals from a June 19, 1996 Order of the United States District Court for the Southern District of New York (Wood, J.) granting summary judgment to defendants Vantage Graphics, Inc., Elliot Passo, and Samuel Hunter (collectively "Defendants") and dismissing Ren-Cris's action on the ground of res judicata. Ren-Cris argues that its present suit to enforce a judgment against Defendants through a corporate veil-piercing theory is not barred by a prior state court proceeding, because the present claim could not have been asserted in the state court proceeding. We reject this argument and affirm substantially for the reasons stated in the district court's opinion.
 In 1986, Ren-Cris commenced an action in New York State Supreme Court against, inter alia, Passo, Hunter, and Modern Generation Press, Inc. ("Modern"), that resulted in a judgment against Modern and in favor of Ren-Cris for $111,067.91. When Modern failed to pay the judgment, Ren-Cris commenced a second state court action (in 1991) to enforce the judgment against the alleged (fraudulent) transferees of Modern's assets, including Defendants herein. This second state action was a "turn-over" special proceeding, filed pursuant to N.Y. CPLR §§ 5225(b) and 5227. The State Supreme Court dismissed the second action on statute of limitations grounds, and that ruling was affirmed by the Appellate Division.
 Ren-Cris subsequently moved to New Jersey, reincorporated there, and filed the present action in the district court (invoking diversity jurisdiction) in another attempt to collect Modern's debt. The turn-over proceeding pleaded fraudulent conveyance, while Ren-Cris's present lawsuit pleads corporate veil-piercing. Specifically, Ren-Cris alleges that these Defendants "dominated and controlled" Modern, "failed to maintain any separateness, corporate identity, or separate identity, between themselves and [Modern], disregarded all corporate formalities, ... kept [Modern] in a grossly undercapitalized condition," functioned as the "alter-egos" of Modern, "abused the corporate form," and treated Modern as "a mere shell and ... instrumentality ... for their own purposes and to conduct their own businesses." Complaint pp 23-27, 29-32.
 Defendants moved for summary judgment on the ground that Ren-Cris could have asserted its veil-piercing claims in the state court turn-over proceeding, and that the claims were therefore barred by res judicata. The district court initially denied that motion, but then vacated its initial order, sought supplemental briefing from the parties, and ultimately dismissed Ren-Cris's action. See Ren-Cris Litho, Inc. v. Vantage Graphics, Inc., 93-CV-7377 (KMW) (S.D.N.Y. June 19, 1996) ("Order"). Ren-Cris filed a timely notice of appeal.
 We address: (1) Defendants' arguments--for the first time here on appeal--that there is no subject matter or personal jurisdiction, and (2) Ren-Cris's argument that it could not have asserted its present claims in the state turn-over proceeding because there were formal bars to such claims in that proceeding.
 Although Defendants apparently did not contest subject matter jurisdiction in the district court, "we are of course bound to consider [their] jurisdictional challenge now because any party[,] ... at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." Gilman v. BHC Securities, Inc., 1997 WL 31583, at * 2 (2d Cir.) (internal quotations and citations omitted). Defendants assert that there is no evidence in the record that the present "Ren-Cris," incorporated in New Jersey, is the successor and/or assignee of the New York corporation, also "Ren-Cris," that was the judgment creditor in the prior New York State actions. We reject this argument--offered to show a lack of complete diversity among the parties--because the record does contain an affidavit by Ren-Cris that we think supplies the necessary proof. The affidavit recites that Ren-Cris physically moved to and reincorporated in New Jersey, that the New York Ren-Cris dissolved, and that the New Jersey Ren-Cris has the same shareholders, directors, and officers, and conducts the same business under the same name, as the original New York Ren-Cris. In these circumstances, we think the diversity of citizenship requirement of 28 U.S.C. § 1332 is satisfied.
 Defendants' second procedural claim is that the district court lacked personal jurisdiction because: (i) Ren-Cris conceded that personal service was not properly made upon individual defendants Passo and Hunter, and (ii) the record reveals that Ren-Cris attempted service upon all three defendants at the same time and place. So, Defendants argue, service must have been ineffective as to all three defendants. We need not address a claimed defect in personal jurisdiction to which no objection was made in the district court. In any event, we reject that claim here, because we have no basis on which to decide the issue. The record before us does not compel the conclusion that ineffective service on two of the defendants means that service on the third defendant--allegedly attempted at the same time and place--was also ineffective. That is a factual question that we lack the resources to answer, and that is not properly before this Court.
 The crucial issue in this case is whether the district court properly granted summary judgment to Defendants on the ground that the veil-piercing claims asserted here were barred, under res judicata, by the prior state court turn-over proceeding. This question is quite narrow.
 New York's "transactional approach to res judicata[ ] bar[s] a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994) (citing Smith v. Russell Sage College, 54 N.Y.2d 185, 445 N.Y.S.2d 68, 71, 429 N.E.2d 750 (1979)). Res judicata does not operate, however, where there were "formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law." Burgos, 14 F.3d at 790 (quoting Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982)).
 Ren-Cris's present lawsuit arises from the same facts as its state turn-over proceeding, and merely asserts a new legal theory--veil piercing (now) as opposed to fraudulent conveyance (then)--to obtain the identical monetary relief against the same defendants. There is no doubt that Ren-Cris's suit is barred by res judicata unless (as the district court noted) there were "formal barriers" that prevented Ren-Cris from bringing its veil-piercing claim in the turn-over action. This is the question on which the district court sought supplemental briefing; the finding that "there was no formal barrier to Ren-Cris bringing its veil-piercing claims in the prior special proceeding" led the district court to dismiss Ren-Cris's claim under res judicata.[1] Order at 4. We affirm that dismissal because we agree that no formal barriers precluded Ren-Cris from pursuing a veil-piercing theory against Defendants in the state court proceeding.
 Ren-Cris urges that "[i]n New York State practice it is necessary to have statutory authority to commence a special proceeding pursuant to Article 4 of the CPLR"--such as Ren-Cris's turn-over proceeding under CPLR §§ 5225(b) and 5227--and that "there is no statutory authority to commence a corporate disregard [or veil-piercing] action"--like Ren-Cris's present suit. Appellant's Brief at 4, 5. We do not necessarily disagree with this proposition, but it misses the point. State law limits the types of actions that can be commenced as a special proceeding, and it is true that no statute specifically authorizes a "veil-piercing" special proceeding, but the CPLR does not limit the legal theories that may be employed to obtain relief in such proceedings. Ren-Cris cites no authority in support of its contention that a veil-piercing claim cannot be asserted in the context of a special turn-over proceeding pursuant to CPLR §§ 5225(b) or 5227. On the other hand, several sources do indicate that veil-piercing is an available theory in a turn-over proceeding.
 First, § 5225 itself contains no express limitation on the claims that may be brought or the legal theories that may be employed. Special proceedings under this section, entitled "Payment or delivery of property of judgment debtor," facilitate the enforcement of money judgments. The statute has two substantive provisions: 5225(a), concerning recovery of "Property in the possession of judgment debtor," and 5225(b)--under which Ren-Cris filed its turn-over proceeding--regarding "Property not in the possession of judgment debtor." The latter section authorizes satisfaction of judgments against individuals other than the judgment debtor,
 [u]pon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee.
 CPLR § 5225(b).
 This statute seems to contemplate the use of a "fraudulent conveyance" theory to recover a judgment from a third-party transferee--as Ren-Cris attempted to do in the state court--but nothing in this language precludes the use of a veil-piercing theory to secure payment from "a [third] person in possession or custody of money or other personal property in which the judgment debtor has an interest." So there appears to be no formal barrier prohibiting an action under § 5225(b) to obtain satisfaction of a judgment--through a veil-piercing theory--against a third-party corporate principal who holds or controls the assets of a judgment debtor corporation. Support for this view lies in the state and federal cases demonstrating that veil-piercing theories have indeed been employed to enforce judgments in special proceedings.
 For example, in Letizia v. Executive Coach Auto Repair, Ltd., 213 A.D.2d 382, 623 N.Y.S.2d 327, 327-28 (2d Dep't 1995), the plaintiff commenced "a proceeding pursuant to CPLR article 52 to enforce a money judgment" under veil-piercing theories; the court affirmed dismissal of the suit on the ground that "the plaintiff's evidentiary submissions were insufficient to demonstrate" the substantive elements of a veil-piercing claim--that the corporate principal "dominated" the corporation or "abused ... the corporate form to perpetrate a wrong or injustice against the plaintiff."
 
 
 1
 In O'Brien-Kreitzberg & Assoc. v. K.P., Inc., 218 A.D.2d 519, 630 N.Y.S.2d 76 (1st Dep't 1995), a judgment creditor filed a traditional state court action "to enforce its judgment against [a] defendant [corporation] and its principal" through both veil-piercing and fraudulent conveyance theories. The court ruled that "[t]he relief sought by plaintiff is more appropriately obtained in a supplementary special proceeding pursuant to CPLR article 52 ... rather than through a plenary action" (citing § 5225 and Letizia ), and therefore affirmed dismissal of the complaint "without prejudice to commencement of an appropriate proceeding pursuant to CPLR 5225." Id. At all times, the court treated both legal theories as equally permissible and plausible grounds upon which to obtain the requested relief in such a special proceeding:
 
 
 2
 In either event, adequate proof is required to justify piercing the corporate veil ... or setting aside any allegedly fraudulent conveyance.... Whether plaintiff pursues the remedy of piercing the corporate veil or setting aside a fraudulent conveyance, it has not demonstrated that this action has merit[, i.e.,] ... that the corporation is a 'dummy'... [or] that the judgment debtor's assets were actually transferred to another party without fair consideration.... At such time as [plaintiff] is successful in obtaining proof to establish a basis for such extraordinary relief, it may commence an appropriate proceeding pursuant to CPLR 5225.
 
 
 3
 Id. at 77 (internal quotations and citations omitted). See also PPX Enterprises, Inc. v. Chaplin, 209 A.D.2d 353, 619 N.Y.S.2d 19, 20 (1st Dep't 1994) (reversing judgment enforcement order in proceeding under CPLR § 5239, where record provided "no basis to pierce the corporate veil" and "a question of fact" remained as to whether a fraudulent conveyance had occurred).[2]
 
 
 4
 Finally, in Kashi v. Gratsos, 712 F.Supp. 23, 26 (S.D.N.Y.1989), a judgment creditor asserted both veil-piercing and fraudulent conveyance theories to obtain satisfaction of a judgment via a special proceeding under the CPLR. The court rejected the claim that "a plenary action is required" to enforce the judgment, and stated that §§ 5225 and 5227 "obviate the need for a plenary action.... This special 'turnover' proceeding is ... sufficient to resolve the parties rights in the disputed property." Id. at 26-27. Although ultimately concluding that questions of material fact precluded summary judgment on either the veil-piercing or fraudulent conveyance theories, the court emphasized that it had "jurisdiction to enforce its judgment ... upon a proper proceeding initiated by [the creditor]," and that "[t]his 'turnover' proceeding is properly initiated under New York law and [the creditor] is not required to ... bring a plenary action." Id. at 27.
 
 
 5
 Ren-Cris directs us to no countervailing authority. Ren-Cris cites, inter alia, Johnstown v. Gloversville, 36 A.D.2d 143, 319 N.Y.S.2d 123, 124 (3d Dep't 1971), for the proposition that "[a] special proceeding ... must be based on specific statutory authorization," and thus argues that it was precluded from bringing its present claims because "there is no statutory authority to commence a corporate [veil-piercing] action." This argument is misplaced, however, because the authorization that is required is the authorization to bring a particular type of action in the form of a "special proceeding" under the CPLR. The type of action at issue here is one to enforce a judgment, and the individual provisions of CPLR article 52, including §§ 5225 and 5227, furnish specific authorization to proceed by a special proceeding. Although § 5225(b) specifically mentions enforcement "against a person who is a transferee," we do not think this provision (or any other) limits the legal theories--including veil-piercing--that may otherwise be employed in such a proceeding to satisfy a judgment against a third-party.[3]
 
 
 6
 We have considered all of Ren-Cris's arguments to the contrary and find them unavailing. Because we agree with the district court that no formal barriers prevented Ren-Cris from asserting its present veil-piercing claims in its prior state court turn-over proceeding, we affirm the judgment dismissing those claims on the ground of res judicata.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 The district court also noted, as an additional factor warranting dismissal under res judicata, that "Ren-Cris concedes that it was possible for it to be awarded in the previous State Court Action the full money judgment now sought." Order at 4-5. Ren-Cris's ability to recover its full damages is not contested here
 
 
 [2]
 CPLR § 5239 is another type of special proceeding that permits expedited determination of rights in, or priorities of, property claims. The section is "quite similar to the special proceedings authorized by CPLR 5225(b) and 5227," and one "would hardly know where to draw the line between where those proceedings end and CPLR 5239 begins." CPLR § 5239, Practice Commentary C5239:2, by David D. Siegel (McKinney 1978)
 
 
 [3]
 See also, e.g., CPLR § 5225, Practice Commentary C5225:6, by David D. Siegel (McKinney 1978) ("A special proceeding under CPLR 5225(b) is plenary. This means that any issue of fact arising in the proceeding can be tried and adjudicated in the proceeding itself. A separate plenary action need not be commenced to resolve the dispute.")