■ EDWARD J. MUHL, Superintendent of Insurance of the State of New York, as Liquidator, Respondent, v ARDRA INSURANCE Co., LTD., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [666 NYS2d 920] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 20, 1996, to the extent that it directed defendant Richard DiLoreto, pursuant to CPLR 5225 (c), to execute and deliver to plaintiff documents necessary to effect an earlier turnover order in plaintiff's favor against judgment debtor/defendant Ardra, unanimously reversed, on the law, without costs, and that portion of the order is vacated.

A turnover order was issued against defendant Ardra, pursuant to CPLR 5225 (a), for property in the possession of said judgment debtor. No such order has yet issued against Richard DiLoreto, because his individual liability has not yet been established.

In order to direct the turnover of property not in the possession of the judgment debtor, a special proceeding is required (CPLR 5225 [b]). An order for execution or delivery of documents under CPLR 5225 (c) may only be issued against a party whose debt liability has been established, or against that party's garnishee or transferee (see, 11 Weinstein-Korn-Miller, NY Civ Prac ¶ 5225.21). Until such liability against Richard DiLoreto has been established, he is not subject to a CPLR 5225 (c) order (see, O'Brien-Kreitzberg & Assocs. v K.P., Inc.,

218 AD2d 519). Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.