(April 10, 2001)

■ SUNWEST ENTERPRISES, INC., Appellant, v TILANI ENTERPRISES, INC., et al., Respondents. [723 NYS2d 448] —Judgment (denominated an order), Supreme Court, New York County (Emily Goodman, J.), entered June 30, 1999, which converted this special proceeding brought pursuant to Business Corporation Law § 1008 to annul the allegedly fraudulent voluntary dissolution of respondent Tilani Enterprises, Inc., to a supple-

mentary proceeding to enforce a money judgment pursuant to CPLR article 52 and granted respondents' motion to dismiss, with leave to renew upon a showing of entitlement to pierce the corporate veil, unanimously reversed, on the law, with costs, respondents' motion denied, the petition reinstated and the matter remanded for trial forthwith.

It is undisputed that petitioner, Sunwest Enterprises, Inc., and respondent Tilani Enterprises, Inc. (Tilani) were in the business of dealing in fragrance and beauty aids. In July 1993, petitioner bought perfume from Tilani and learned shortly thereafter that it was counterfeit. Petitioner brought suit against Tilani in Supreme Court, Nassau County, in June 1994 and, on March 7, 1997, obtained a judgment, after an inquest, in the amount of $50,326.04. In the interim, however, Tilani had closed its business and filed a voluntary certificate of dissolution on May 30, 1996, thus preventing petitioner from satisfying its judgment.

Earlier, on March 28, 1995, another perfume business, Sushmaa International Inc. (Sushmaa) was incorporated and began doing business at Tilani's former location, using its telephone and fax numbers. The sole shareholder and chief executive officer of Sushmaa is Kavita Tilani (Kavita), the wife of Narendra Tilani (Narendra), who was the sole shareholder and chief executive officer of Tilani. Narendra is also employed by Sushmaa as a salesman.

On March 25, 1999, petitioner moved, by order to show cause, for an order annulling Tilani's certificate of dissolution and awarding damages to petitioner. The petition alleged that Tilani had been solvent before petitioner had brought its action against it, and had been voluntarily dissolved pursuant to a scheme to defraud between Narendra and Kavita. Petitioner alleged that all of Tilani's assets had been transferred to the new corporation, Sushmaa, and noted specifically that Tilani's $22,000 lease security deposit had been transferred to Sushmaa's lease security account; that Narendra had written a check to himself from Tilani's account in the amount of $30,000, which he had falsely reported as salary to himself, and also withdrew $21,247.07 in cash from Tilani's accounts; that Tilani had paid for Sushmaa's incorporation costs; that Narendra wrote checks to Sushmaa in the amounts of $15,000 and $44,900 from Tilani's account; that Narendra wrote a check to Cleo Perfume for $14,882 from Tilani's account to pay for merchandise that was ordered by Sushmaa; and that Narendra has controlled and managed Sushmaa's business affairs since its inception.

Petitioner's first cause of action requested annulment of the voluntary corporate dissolution pursuant to Business Corporation Law § 1008 because it "was a fraud and sham and was done solely for the purpose of rendering [Tilani] insolvent and thus 'judgment-proof' " and because distributions were made "for less than fair consideration," and specifically cited distributions to Narendra in the amount of $51,247.07 and to Sushmaa in the amount of $96,781.70. The second, third, fourth and fifth causes of action sought turnover pursuant to CPLR 5225 of sums that were paid to Narendra, Sushmaa and Kavita, respectively. Petitioner's sixth and seventh causes of action were brought pursuant to CPLR 5227, on the theory that the money received by Sushmaa from respondent became a "debt" to Tilani, which the court could order Sushmaa to pay to petitioner instead of to Tilani.

Petitioner included an affidavit from Inder Maglani, its president and owner, stating that he knew Narendra personally, and that Sushmaa is Narendra's business, not his wife's, that Kavita is not there on a daily basis and knows nothing about the business, but rather is at home in Edison, New Jersey, taking care of their two small children. Petitioner also included a copy of Tilani's tax returns showing that, in 1994, Tilani was a going concern with over $400,000 in assets and gross sales of over $4 million and, in 1995, had sales of $1.33 million.

In their answer, respondents denied most of the allegations, and asserted as affirmative defenses laches, lack of specificity, and failure to state a cause of action. They noted that petitioner was not a judgment creditor prior to the dissolution of Tilani, and that no facts were alleged upon which relief could be granted against Sushmaa or Kavita. Specifically, respondents stated that the $30,000 check Narendra had written to himself was a carryover from previous dividend and salary income reported on Tilani's 1994 tax return; that the check to Cleo Perfume for $14,882 was to pay for Tilani's own merchandise, which had been ordered on April 18, 1995, not for Sushmaa; that the check written to Sushmaa in the amount of $15,000 was to reimburse that corporation for credit card sales it had made through Tilani's account until it had its own account set up; and the check for $44,900 was for Tilani's purchase of perfumes, to be returned to its creditors, from Sushmaa in an arm's length transaction. Respondents stated that $21,247.07 in cash was used to pay Tilani's own creditors, and acknowledged that Tilani had loaned Sushmaa $750 for its incorporation costs. Respondents submitted an affidavit in opposition to petitioner's order to show cause from Narendra, and a stipula-

tion of settlement, dated November 22, 1995, in which Tilani agreed to pay its tenant, Modiflex International, $47,500 in settlement of all claims it had against Tilani.

Given the foregoing, triable issues of fact are presented regarding the incorporation of Sushmaa; the subsequent dissolution of Tilani at a time when petitioner had a pending action for damages against it; the transfer of assets from Tilani to Sushmaa; and the question of who owns and operates Sushmaa. Thus, inasmuch as special proceedings are summary in nature and a party opposing such summary disposition must lay bare its proof, respondents' sole reliance upon an affidavit from Narendra and their failure to submit an affidavit from Kavita, the purported owner and operator of Sushmaa, is significant. In light of the intrafamilial nature of the transfers, the credibility of witnesses will be a decisive factor and the IAS court should not have summarily dismissed the petition, albeit with leave to renew, and such issues of fact should have been tried forthwith (CPLR 410).

Finally, the court's reliance upon *O'Brien-Kreitzberg & Assocs. v K.P., Inc.* (218 AD2d 519) to convert that part of this proceeding which seeks relief pursuant to Business Corporation Law § 1008 to a supplementary enforcement proceeding pursuant to CPLR article 52, was misplaced inasmuch as that case involved a plenary action, whereas petitioner here seeks to annul the voluntary dissolution of Tilani in its first cause of action as well as seeking judgment pursuant to CPLR article 52 in its other six causes of action. Concur—Sullivan, P. J., Rosenberger, Tom, Andrias and Wallach, JJ.