■ ANNA M. SIMMONS et al., Respondents, v AAA BUFFALO DEVELOPMENT CORP. et al., Defendants, and LAWRENCE LOSCALZO et al., Appellants. [746 NYS2d 323]

The infant plaintiffs were injured in a fire which destroyed a house owned by the defendant AAA Buffalo One Development Corp. (hereinafter AAA). The sole shareholder of AAA is the defendant Lawrence Loscalzo. The defendant Victor Pafundi, as agent for AAA, had rented the house to the infant plaintiffs' parents, the plaintiffs Lisa Marie Simmons and Jeffrey Simmons. The plaintiffs brought this action against, among others, AAA, Pafundi, and Loscalzo in his personal capacity.

After depositions were held, Loscalzo and Pafundi separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the motions, finding the existence of triable issues of fact as to both Loscalzo and Pafundi. We find that the Supreme Court erred in denying Loscalzo's motion and therefore modify the order and grant his motion.

Loscalzo demonstrated the absence of a triable issue of fact with respect to his personal liability by establishing that he was a corporate officer only, and not the personal owner of the premises. In opposition thereto, the plaintiffs failed to raise sufficient facts to warrant a finding that the corporate veil should be pierced. Accordingly, the Supreme Court should have granted Loscalzo's motion and dismissed the complaint insofar as asserted against him in his personal capacity (see Lavi v Hamedani, 234 AD2d 428; Seuter v Lieberman, 229 AD2d 386; Letizia v Executive Coach Auto Repair, 213 AD2d 382; see generally Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135).

The parties' remaining contentions are either without merit or need not be reached in light of this determination. Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.