Cordius TRUST, Plaintiff–Counter–
Defendant–Appellee,

v.

Donald D. KUMMERFELD,
Defendant–Appellant,

Elizabeth Kummerfeld and Kummer-
feld Associates, Inc., Defendants–
Counter–Claimants.

Docket No. 04–2722–CV.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2005.

James A. Wade, Robinson & Cole LLP, (Bradford S. Babbitt and Ross S. Katz), Hartford, Conn., for Plaintiff–Counter–Defendant–Appellee, of counsel.

Paul M. Brown, Satterlee Stephens Burke & Burke LLP (Walter A. Saurack), New York, N.Y, for Defendant–Appellant, of counsel.

PRESENT: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Appellant Donald A. Kummerfeld ("Kummerfeld") appeals from the district court's judgment of May 3, 2004, granting a writ of execution and turnover order sought by Appellee Cordius Trust ("Cordius") pursuant to Federal Rule of Civil Procedure 69(a). The district court's order pierced the corporate veil of Defendant–Counter–Claimant Kummerfeld Associates, Inc. ("KAT") in order to render Kummerfeld's assets amenable to attachment. KAI is a closely-held corporation, the sole officers and shareholders of which are Kummerfeld and his wife, Elizabeth Kummerfeld ("Ms.Kummerfeld"). Cordius had previously obtained a judgment against KAI and Ms. Kummerfeld for defaulting on a note in the amount of $1,418,000. Kummerfeld had moved for dismissal of Cordius's veil-piercing action under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). He argued that Cordius had failed to state a claim for relief. Kummerfeld also raised a raft of procedural objections.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

## I. PROCEDURAL ARGUMENTS

We reject all of Kummerfeld's procedural arguments for the reasons given by the district court.

Federal Rule of Civil Procedure 69(a) directs that prevailing parties in federal court actions shall use state law procedures to enforce judgment. In New York, veil-piercing actions may be initiated as supplementary special proceedings under New York Civil Practice Law and Rules (CPLR) § 5225(b), rather than as plenary actions. *Morris v. N.Y. State Dep't of Taxation & Fin.,* 82 N.Y.2d 135, 603

N.Y.S.2d 807, 623 N.E.2d 1157, 1160 (1993) ("[A]n attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners."); *O'Brien–Kreitzberg & Assocs. v. K.P., Inc.*, 218 A.D.2d 519, 520, 630 N.Y.S.2d 76 (1st Dep't 1995) ("The relief sought by plaintiff [either piercing the veil or setting aside a fraudulent conveyance] is more appropriately obtained in a supplementary special proceeding pursuant to CPLR article 52 (CPLR 5225 ...) rather than a plenary action."). We conclude that Cordius's veil-piercing action was properly brought as a special proceeding under CPLR § 5225.[1]

■ We find also that service of process was not defective. In serving Kummerfeld by certified mail, Cordius relied on the district court's order permitting alternative service on Kummerfeld in connection with the original action to recover on the note, in light of what the court found to be Kummerfeld's purposeful attempts to evade service. We agree with Judge Cote, who drafted that order, that such reliance was reasonable under the circumstances.

■ Although Cordius did not file a document denominated "petition," as required in special proceedings, CPLR § 402, the other papers filed by Cordius notified Kummerfeld of Cordius's claims and framed the issues. *See* McKinney's CPLR § 402, cmt. 402:1 (2001) (noting that a petition, like a complaint, must notify the opponent of the nature of the claims and frame the issues). Because this seeming procedural irregularity did not prejudice any of Kummerfeld's substantial rights, it does not undermine Cordius's claim.

CLPR § 2001; *see Billone v. Huntington,* 188 A.D.2d 526, 526, 591 N.Y.S.2d 437 (2d Dep't 1992).

## II. THE MERITS

■ Under New York law, piercing the corporate veil generally requires a showing that: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris,* 603 N.Y.S.2d 807, 623 N.E.2d at 1160–61. We hold that Cordius has alleged facts sufficient to survive Kummerfeld's motion to dismiss for failure to state a claim. *Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997) (holding that a court may dismiss an action pursuant to Rule 12(b)(6) only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief"). We further hold that Cordius has shown, as a matter of law, that Kummerfeld dominated KAI. *See Freeman v. Complex Computing Co.,* 119 F.3d 1044, 1053 (2d Cir. 1997) (listing factors that bear on domination).

■ It is also not in question that KAI defaulted on the note and failed to pay the judgment Cordius obtained against it. Cordius has not yet demonstrated, however, that Kummerfeld used his domination of KAI to cause either of these wrongs. Nor has Cordius demonstrated that these wrongs reflect the sort of abuse of the corporate form warranting the intervention of equity to pierce a corporate veil. *See Morris,* 82 N.Y.2d 135, 603 N.Y.S.2d 807, 623 N.E.2d 1157, 1161 (1993) (citing

---

1. We emphasize that Cordius does not accuse Kummerfeld of wrongdoing independent of his involvement in KAI. Were Cordius raising freestanding claims against Kummerfeld in an independent action, all of his procedural objections might well be evaluated differently.

*Wm. Passalacqua Builders Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 138 (2d Cir.1991); *NLRB v. Greater Kan. City Roofing*, 2 F.3d 1047, 1052–53 (10th Cir. 1993)). For these reasons, the case must return to district court to permit further development of the factual record on these questions. Because we are vacating the district court's order piercing KAI's veil, we need not now address Kummerfeld's argument that the district court relied on inadmissible evidence in arriving at its decision.

For the above reasons, we AFFIRM the district court's denial of Kummerfeld's motion to dismiss, VACATE the order of the district court granting the writ of execution and turnover order, and REMAND for further proceedings consistent with this opinion.

