SUMMARY ORDER
Respondent-Appellant Donald Kummer-feld (“Kummerfeld”) appeals from the January 29, 2008, 2008 WL 216405, judgment of the United States District Court for the Southern District of New York (Cote, J.), following a jury trial, piercing the corpo *811 rate veil of Kummerfeld Associates, Inc. (“KAI”) and ordering Kummerfeld liable to plaintiff for $ 2,656,796.02 in damages, interest, fees, and costs. We assume the parties’ familiarity with the facts of the case, its procedural history, and the issues on appeal.
On' appeal, Kummerfeld identifies numerous purported errors in the trial and argues that the jury’s verdict was clearly a product of these errors. Specifically, he claims that the district court improperly (1) restricted the cross-examination of certain witnesses; (2) determined that Ms. Kummerfeld was competent to testify; (3) admitted evidence regarding criminal and civil cases involving Ms. Kummerfeld or KAI; and (4) instructed the jury that it could draw an adverse inference from Kummerfeld’s failure to produce certain evidence. None of these purported errors, however, are supported by the record.
Kummerfeld argues further that the court erroneously instructed the jury that, as a matter of law, he completely dominated KAI, removing this element from the jury’s consideration. Plaintiff had established previously that Kummer-feld completely dominated KAI. See Cordius Trust v. Kummerfeld, 153 Fed.Appx. 761, 763 (2d Cir.2005) (summary order). Therefore, the instruction on this element was appropriate.
Finally, Kummerfeld argues that the jury’s verdict was not based on the weight of the evidence. Because Kummer-feld first made a motion for judgment as a matter of law only after the jury returned its verdict and judgment as a matter of law is not necessary to prevent manifest injustice, he cannot now challenge the sufficiency of the evidence. See. Kirsch v. Fleet St., Ltd., 148 F.3d 149, 164 (2d Cir.1998) (“As to any issue on which no proper Rule 50(b) motion was made, [judgment as a matter of law] may not properly be ... ordered by the appellate court unless that action is required in order to prevent manifest injustice.”); see also Broadnax v. City of New Haven, 415 F.3d 265, 268 (2d Cir.2005). In any event, based on the evidence adduced at trial, a reasonable jury easily could have concluded that Kummer-feld abused KAI in a way that warranted the intervention of equity. See Cordius Trust, 153 Fed.Appx. at 763.
We have considered Kummerfeld’s remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.