[888 NYS2d 332]

In the Matter of TOWN BOARD OF TOWN OF PARMA, Respondent,
v BOARD OF TRUSTEES OF VILLAGE OF HILTON et al., Respon-
dents, and JAMES BEEHLER et al., Appellants.

Fourth Department, October 9, 2009

## APPEARANCES OF COUNSEL

*Knauf Shaw LLP*, Rochester (*Alan J. Knauf* of counsel), for appellants.

*Harter Secrest & Emery LLP*, Rochester (*Edward F. Premo, III*, of counsel), for Town Board of Town of Parma, respondent.

*Scolaro, Shulman, Cohen, Fetter & Burstein, P.C.*, Rochester (*Ronald A. Mittleman* of counsel), for Board of Trustees of Village of Hilton and another, respondents.

## OPINION OF THE COURT

GREEN, J.

Article 17 of the General Municipal Law, known as the Municipal Annexation Law, sets forth the procedural steps to be followed when a municipality seeks to acquire territory lying within the boundaries of an adjacent municipality (*see generally Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie*, 3 NY3d 508, 513-514 [2004]). We are primarily concerned on this appeal with one of those procedural steps. At issue is whether, pursuant to General Municipal Law § 711 (2) (b), the failure of petitioner/plaintiff, Town Board of the Town of Parma (Town Board), to make, sign and file an order containing its determination with respect to the proposed annexation of property by respondent/defendant Village of Hilton (Village) constituted an approval of the proposed annexation by default and thereby resulted in the annexation of the property by operation of law. We conclude under the facts of this case that the Town Board's failure to take those procedural steps neither constituted default approval of the proposed annexation nor resulted in annexation by operation of law.

The property that is the subject of the proposed annexation is an uninhabited and undeveloped 45-acre parcel at 610 Burritt Road in the Town of Parma (Town), which is adjacent to the Village. The owners of the property, respondents/defendants James Beehler and Susan Beehler, submitted a petition to the Town Board and respondent/defendant Board of Trustees of the Village of Hilton (Village Board) requesting approval of the annexation of their property by the Village. The Beehlers intended to construct a 117-unit senior citizen housing development on

the property. At the time the petition was filed, the property was located in a rural residential zone, which would have permitted residential development to the extent of 20 to 30 single-family homes on two- to three-acre lots. James Beehler advised the Town Supervisor and the Mayor of the Village that the proposed annexation would facilitate the intended development because the Village's zoning ordinance provided for higher-density senior citizen residential districts, while the Town's zoning ordinance did not.

Following notice to the public, the Village Board conducted a public hearing on the petition on December 12, 2006. At the conclusion of the hearing, the Village Board unanimously adopted a resolution approving the proposed annexation. At the same time, the Village Board enacted Local Law No. 5 of 2006, providing that the property at 610 Burritt Road "is hereby annexed to the Village of Hilton and shall be zoned PRD-S for senior citizen housing." The annexation and zoning designation were to be "effective as of the date of filing of this local law with the Secretary of State." It is undisputed that Local Law No. 5 of 2006 has never been filed in the office of the Secretary of State in accordance with Municipal Home Rule Law § 27 (3).

The Town Board conducted its public hearing on the petition on January 9, 2007, following the required public notice, and voted four to one to deny approval of the proposed annexation. The Town Clerk prepared the minutes of the hearing, which were approved by the Town Board at its meeting on January 16, 2007, and thereafter forwarded them to the Village Board. Also on January 16, 2007, James Beehler wrote a letter to the Mayor of the Village requesting that the Village initiate a special proceeding pursuant to General Municipal Law § 712 and offering to pay any legal expenses incurred by the Village in connection with that proceeding. On January 20, 2007, the Village Board held a special meeting to consider that request and voted three to two against pursuing further legal action with respect to the proposed annexation. Nevertheless, the Village Board thereafter filed with the Clerks of the Village, the Town and Monroe County copies of its order approving the annexation, along with the petition, notice and minutes of the meeting adopting the resolution in favor of annexation (see General Municipal Law § 711 [2] [b]; [5]). It is undisputed that the Town Board did not "make, sign and file a written order" setting forth its determination with respect to the annexation petition "in the offices of the clerks of all the affected local govern-

ments" pursuant to General Municipal Law § 711 (2) (b) or with the Monroe County Clerk pursuant to section 711 (5).

On April 25, 2007, the attorney representing the Beehlers sent a letter to the Town Board and Village Board stating that, by virtue of the Town Board's failure to file a written order in the manner prescribed by General Municipal Law § 711 (2) (b), the annexation was approved and the Beehlers' property is annexed to the Village. Section 711 (2) (b) provides the one step in the procedure for the governing boards of each municipality affected by a proposed annexation that the Town Board neglected to follow. Pursuant to section 711 (1), within 90 days after the hearing both the Village Board and the Town Board were required to make determinations whether "it is in the over-all public interest to approve such proposed annexation." Section 711 (2) (b) provides:

> "Each such board shall thereupon make and sign a written order accordingly containing its determination and file copies thereof, together with copies of the agreement, if any, the petition, the notice, the written objections, if any, and testimony and minutes of proceedings taken and kept on the hearing, in the offices of the clerks of all the affected local governments. In the event that the governing board of an affected local government does not make, sign and file a written order as required by this section, such governing board shall be deemed to have approved the proposed annexation as of the expiration of the ninety-day period provided in subdivision one hereof [i.e., within ninety days after the hearing]."

The Beehlers took the position that, by failing to comply with the filing requirement of that section, the Town Board approved the annexation by default and the annexation occurred by operation of law.

Following receipt of the letter sent by the Beehlers' attorney's, the Town Board commenced this hybrid CPLR article 78 proceeding and declaratory judgment action. The Town Board sought judgment declaring, inter alia, that its failure to file an order containing its determination on the annexation petition pursuant to section 711 (2) (b) did not result in a default approval of the petition by the Town, that no such annexation has occurred, and that 610 Burritt Road remains within the Town. The Town Board also sought judgment, inter alia, annulling the determinations by the Village Board purporting to annex and rezone 610 Burritt Road.

The Village Board and the Village submitted an answer but did not oppose the relief sought by the Town Board. In an affidavit submitted in response to the Town Board's petition and complaint, the Mayor of the Village, who also serves on the Village Board, asserted that the Village Board had changed its position with respect to whether annexation is in the best interest of the Village. The Mayor asserted that a majority of the Village Board had by then taken the position that annexation is not in the Village's best interest.

In their answer, the Beehlers opposed the relief sought by the Town Board and asserted a counterclaim seeking judgment declaring that the annexation of their property occurred by operation of law on April 9, 2007, 90 days after the public hearing conducted by the Town. In addition, the Beehlers asserted a cross claim against the Village and Village Board seeking a writ of mandamus compelling the Village to initiate the process of finalizing the annexation pursuant to General Municipal Law § 717 and to file Local Law No. 5 of 2006 in the office of the Secretary of State (*see* Municipal Home Rule Law § 27 [3]).

Supreme Court denied the relief sought by the Beehlers and granted in part the relief sought by the Town Board. We agree with the conclusion of the court in its decision that the Town Board's failure to adhere to the filing requirements of General Municipal Law § 711 (2) (b) "did not result in default approval of the annexation and, in any event, such default approval, under the facts presented, would violate the New York State Constitution."

"The power to effect an annexation is largely a matter controlled by statute and constitutional provisions" (*Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon*, 27 NY2d 369, 372 [1971]). That power is entrusted by statute and constitutional provisions to the governing boards of the affected local governments, which must exercise it based upon consideration of the overall public interest. Article IX, § 1 of the NY Constitution, entitled "Bill of rights for local governments," provides in relevant part in section 1 (d):

> "No local government or any part of the territory thereof shall be annexed to another . . . until the governing board of each local government, the area of which is affected, shall have consented thereto upon the basis of a determination that the annexation is in the over-all public interest."

That section further directs the Legislature to "provide, where such consent of a governing board is not granted, for

adjudication and determination . . . of the issue of whether the annexation is in the over-all public interest" (*id.*). The NY Constitution thus contemplates that annexation shall occur only with the consent of each affected municipality or by the judgment of a court (*see* 1970 Atty Gen [Inf Ops] 72). In either case, moreover, the determination rests on the issue whether "annexation is in the over-all public interest." .

The Legislature stated its intent in enacting the Municipal Annexation Law in language echoing the language of the constitutional provision:

> "It is the intention of the legislature by the enactment of this article to provide a municipal annexation law pursuant to the provisions of the bill of rights for local governments in subdivision (d) of section one of article nine of the constitution, which provisions specify basic prerequisites to the annexation of territory from one local government to another including (1) the consent of the people, if any, of a territory proposed to be annexed and (2) the consent of the governing board of each local government, the area of which is affected, upon the basis of its determination that the annexation is in the over-all public interest, and which provisions require the legislature to provide, where such consent of a governing board is not granted, for adjudication and determination, on the law and the facts, in a proceeding initiated in the supreme court, of the issue of whether the annexation is in the over-all public interest" (General Municipal Law § 702).

In this case, at the conclusion of the public hearing, the Town Board clearly and explicitly withheld its consent to the proposed annexation, based upon its determination that annexation would not be in the overall public interest. The Town Board, however, also concededly failed to comply with the filing provision of section 711 (2) (b) within the 90-day period following that hearing. We are thus called upon to determine the consequences of that failure in view of the statutory provision that, in the event of such noncompliance with the filing requirements by the Town Board, it "shall be deemed to have approved the proposed annexation" (§ 711 [2] [b]).

Notwithstanding the "deemed . . . approved" language of the statute, we conclude under the circumstances of this case that the Town Board has not approved the proposed annexation by

default, its inaction is not tantamount to consent, and the annexation of the Beehlers' property by the Village has not occurred by operation of law. Contrary to the position of the Beehlers, we further conclude that construing the statute as permitting default approval of a proposed annexation in circumstances where there has been clearly expressed disapproval would effectively negate the " 'Home Rule' powers of a municipality constitutionally guaranteed" under NY Constitution, article IX, § 1 (d) (*City of New York v State of New York*, 86 NY2d 286, 292 [1995], citing *Town of Black Brook v State of New York*, 41 NY2d 486 [1977]). Default approval in the face of such clear disapproval by the Town Board cannot be reconciled with the constitutional right of each municipality to maintain its territorial integrity absent its express consent to annexation or a judicial determination that annexation is in the overall public interest (*see Matter of Gloversville Shopping Ctr.*, 64 Misc 2d 951, 953-954 [1970], *revd on other grounds sub nom. Matter of Town of Johnstown v City of Gloversville*, 36 AD2d 143 [1971], *lv dismissed* 29 NY2d 639 [1971]; 1970 Atty Gen [Inf Ops] 72).

Nor does the failure to comply with the statute's filing requirements in a timely manner constitute a waiver by the Town Board of its rights under NY Constitution, article IX, § 1 (d). Nothing in the record supports a finding that the inaction by the Town Board evinced an intention to forgo its rights under the NY Constitution or the Municipal Annexation Law (*see generally Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469 [1978]). Rather, the Town Board exercised its right to withhold its consent to the annexation, and its inaction with respect to the filing requirement was apparently the result of an inadvertent clerical error.

In our view, that inadvertent clerical error should not produce a result so directly at odds with the annexation scheme contemplated by the Municipal Annexation Law and the NY Constitution. In this case, neither of the affected local governments wishes to proceed with the proposed annexation. The Town Board passed a resolution opposing it based upon its determination that it was not in the overall public interest, and the Village Board ultimately elected not to challenge the Town Board based upon its own determination with respect to the overall public interest. Indeed, although the Village Board adopted a local law approving the annexation, it has not taken the steps necessary for that local law to become effective (*see* Municipal Home Rule Law § 27 [3]).

In addition, as the court concluded, none of the parties was misled with regard to the position of the Town Board by its failure to comply with the filing requirements of section 711 (2) (b). The Village Board and the Beehlers had actual notice that the Town Board had not consented to the annexation no later than one week following the Town Board's public hearing. At that point, the Village Board could have challenged the determination of the Town Board pursuant to General Municipal Law § 712 notwithstanding the Town Board's failure to comply with the filing requirements of section 711 (2) (b) (*see Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown*, 32 NY2d 1, 3 n 1 [1973]; *Matter of Town of Johnstown v City of Gloversville*, 36 AD2d 143, 145 [1971], *lv dismissed* 29 NY2d 639 [1971]). Thus, neither the Village Board nor the Beehlers were prejudiced by the inaction of the Town Board.

We therefore conclude that, under the circumstances presented here, General Municipal Law § 711 (2) (b) cannot be construed, consistent with NY Constitution, article IX, § 1 (d), as permitting default approval of the proposed annexation by the Town Board or as resulting in annexation by operation of law of the property at 610 Burritt Road. In light of our conclusion, we do not address the remainder of the issues addressed in the judgment or the alternative grounds for affirmance urged by the Town Board. Accordingly, we conclude that the judgment should be affirmed.

MARTOCHE, J.P., SMITH, PERADOTTO and CARNI, JJ., concur.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.